UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| DAVID MACK and ISRAEL GARCIA, On Behalf of Themselves and Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE CBE GROUP, INC., an Iowa Corporation,<br><br>    Defendant. | Case No. 6:14-cv-02048<br><br><br><br>**ANSWER** |

Defendant, THE CBE GROUP, INC., through its undersigned counsel, for its answer, states as follows:

## NATURE OF THE ACTION

1. This is a class action brought against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

**ANSWER:** **Defendant admits that plaintiffs' complaint purports to allege a class action brought against Defendant for violations of the TCPA. Defendant denies that this case should be certified as a class action, denies violation of the TCPA and any other laws, and denies all remaining allegations contained within this paragraph.**

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>
> **(A)    to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any**

> **automatic telephone dialing system or an artificial or prerecorded voice –**
>
> *****
>
> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.**

**ANSWER:** Defendant admits that plaintiff's complaint purports to cite to an out-of-context, incomplete and mischaracterized portion of the TCPA. Defendant denies all remaining allegations contained within this paragraph.

3. Upon information and belief, Defendant routinely violates 47 U.S.C. §227(b)(1)(A)(iii) by placing non-emergency telephone calls to the cellular telephones of consumers using an automatic telephone dialing system, without the prior express consent of the consumers.

**ANSWER:** Defendant denies all allegations contained within this paragraph.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

**ANSWER:** Defendant admits that the Supreme Court case of *Mims v. Arrow Financial Services, LLC* (2012) reversed and remanded the Eleventh Circuit's dismissal and conclusion that TCPA jurisdiction is vested exclusively in state courts thereby depriving federal courts of jurisdiction over TCPA claims under 28 U.S.C. § 1331. Defendant otherwise denies all remaining allegations contained within this paragraph.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where a substantial part of the events giving rise to Plaintiffs' action originated in this State and this District, and where Defendant resides in this State and this District.

**ANSWER:** **Defendant admits that, at times, it may have made telephone calls, in general, to telephone prefixes possibly located within this District. Defendant admits that it maintains offices in Iowa. Defendant admits that venue is proper in this District. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

## PARTIES

6. David Mack ("Plaintiff Mack") is a natural person who at all relevant times resided in Dallas County, Texas.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

7. Israel Garcia ("Plaintiff Garcia") is a natural person who at all relevant times resided in Ellis County, Texas.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

8. Defendant is an Iowa corporation with its principal place of business located at 1309 Technology Parkway, Cedar Falls, IA 50613. Defendant can be served through its registered agent, Thomas R. Penaluna, 1309 Technology Parkway, Cedar Falls, IA 50613.

**ANSWER:** **Defendant admits that it is an Iowa corporation that maintains an address at 1309 Technology Parkway, Cedar Falls, Iowa 50613 and maintains a registered agent, Thomas R. Penaluna, 1309 Technology Parkway, Cedar Falls, IA 50613. Defendant denies any remaining allegations contained within this paragraph.**

## FACTUAL ALLEGATIONS

9. Starting in or around August 2013, and, upon information and belief, in an attempt to contact a third party, Defendant began placing telephone calls to Plaintiff Mack's cellular telephone number (682) 560-xxxx.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

10. On numerous occasions, upon answering the phone, Plaintiff Mack directed Defendant to stop calling him, including on January 4, 2014, January 8, 2014, January 12, 2014, January 20, 2014, February 1, 2014 and February 13, 2014.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

11. Between August 2013 and the filing of this Complaint, Defendant called Plaintiff Mack's cellular telephone at least 100 times.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

12. Starting in or around September 2013, and, upon information and belief, in an attempt to contact a third party, Defendant began placing telephone calls to Plaintiff Garcia's cellular telephone number (972) 816-xxxx.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

13. Between September 2013 and the filing of this Complaint, Defendant called Plaintiff Garcia's cellular telephone at least 35 times.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

14. Upon information and good faith belief, and in light of, among other things, the number of calls made, Defendant placed the above-referenced calls to Plaintiffs' cellular telephones using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

15. Upon information and belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial phone numbers without human intervention.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

16. Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Plaintiff's cellular telephone.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

17. Upon information and good faith belief, Defendant placed, or caused to be placed, additional calls to Plaintiffs' cellular telephone numbers, which are not specifically outlined herein, but which will be reflected in the records of Defendant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

18. Defendant placed all of the above-referenced calls in an effort to contact a third party. Indeed, neither Plaintiff Mack nor Plaintiff Garcia had any prior relationship with Defendant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

19. Defendant placed the telephone calls set forth herein to telephone numbers assigned to a cellular telephone service.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

20. Defendant did not have Plaintiff Mack's prior express consent to make any telephone calls to his cellular telephone.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

21. Defendant did not have Plaintiff Garcia's prior express consent to make any telephone calls to his cellular telephone.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

22. Neither Plaintiff Mack nor Plaintiff Garcia ever provided their cellular telephone numbers to Defendant.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

23. Defendant did not place any telephone calls to either of the Plaintiffs for emergency purposes.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

24. Upon information and good faith belief, Defendant placed the telephone calls to Plaintiffs identified above willfully and knowingly in that it consciously and deliberately made the calls referenced herein.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

25. Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls identified above.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

26. In addition, and upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls identified above to Plaintiffs.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of themselves and a Class of similarly situated individuals as defined below:

> **All persons and entities throughout the United States (1) to whom The CBE Group, Inc. placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint.**

Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

**ANSWER:** **Defendant admits that plaintiffs' complaint purports to allege a class action. Defendant denies that this case should be certified as a class action. Defendant denies all remaining allegations contained within this paragraph.**

28. The proposed Class is so numerous that, upon information and belief, joinder of all members is impracticable. The exact number of members of the Class is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that, upon information and belief, the cellular telephone numbers of all members of the Class can be identified in business records maintained by Defendant.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

29. Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs and all of the Class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiffs possess the same interests and have suffered the same injuries as each Class member. Like proposed members of the Class, Plaintiffs received telephone calls from Defendant using an automatic telephone dialing system, without their consent, in violation of 47 U.S.C. §227.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

30. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel experienced and competent in class action litigation. Plaintiffs have no interests that are contrary to or in conflict with the members of the Class that Plaintiffs seek to represent.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

31. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

32. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

a. Defendant's violations the TCPA as alleged herein;

b. Defendant's use of an automatic telephone dialing system; and

c. the availability of statutory damages.

**ANSWER:** **Defendant denies all allegations contained within this paragraph and all of its sub-paragraphs.**

33. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

### COUNT I: VIOLATIONS OF 47 U.S.C. §227(B)(1)(A)(III)

34. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 – 33.

**ANSWER:** **Defendant repeats each and every answer, and denial, respectively, contained in paragraphs 1 – 33.**

35. Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place telephone calls to Plaintiff Mack's cellular telephone number, without his consent.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

36. Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place telephone calls to Plaintiff Garcia's cellular telephone number, without his consent.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

37. Defendant knowingly or willingly violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing to place telephone calls to Plaintiff Mack's cellular telephone number.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

38. Defendant knowingly or willingly violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place telephone calls to Plaintiff Garcia's cellular telephone number.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

39. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiffs and the Class are entitled to damages in an amount to be proven at trial.

**ANSWER:** **Defendant denies all allegations contained within this paragraph.**

## DEFENSES

Defendant, CBE GROUP, INC., through its undersigned counsel, for its defenses, states as follows:

## FIRST DEFENSE

Plaintiffs fail to state a claim and/or cause of action upon which relief may be granted and plaintiffs' claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

## SECOND DEFENSE

Upon information and belief, plaintiffs and/or members of the putative class may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

## THIRD DEFENSE

This Court lacks original jurisdiction over the Telephone Consumer Protection Act ("TCPA") claims. 47 U.S.C. § 227(b)(3).

## FOURTH DEFENSE

Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA. Any purported violation of these laws, which Defendant denies occurred, was unintentional, and occurred despite of procedures reasonably adapted and maintained to avoid such error.

## FIFTH DEFENSE

Plaintiffs and/or members of the putative class consented to being telephoned, receiving facsimiles, being contacted and/or receiving communications at the numbers provided and/or otherwise waived the right to claim lack of consent. This defense is asserted in the alternative to the argument that lack of consent is an element of a plaintiff's TCPA claim.

## SIXTH DEFENSE

Plaintiffs' claims are barred or diminished due to Plaintiffs' failure to mitigate damages.

## SEVENTH DEFENSE

To the extent that any violation of the TCPA occurred, which defendant denies, it resulted from good faith reliance upon incorrect information offered by other persons or entities other than an agent, servant or employee of defendant. *See Chyba v. First Financial Asset Management*, (S.D. Cal. 2013).

## EIGHTH DEFENSE

Plaintiffs and/or members of the putative class lack Article III standing with regard to their claims to the extent they are unable to demonstrate that they incurred any actual injury.

## NINTH DEFENSE

Plaintiffs lack standing to assert claims under the TCPA against Defendant.

## TENTH DEFENSE

The TCPA violates the First Amendment's Free Speech Clause.

## ELEVENTH DEFENSE

Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

**WHEREFORE,** Defendant prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against defendant with prejudice and on the merits;

2. Awarding costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927 in favor of Defendant; and

3. Awarding Defendant such other and further relief as the Court deems just and equitable.

/s/ Benjamin P. Roach    AT0006588
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA  50309
Telephone:  515-283-3100
Facsimile:  515-283-3108
E-Mail:  bproach@nyemaster.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

JD Haas
JD Haas & Associates, PLLC
10564 France Avenue South
Bloomington, MN  55431
Telephone:  952-345-1025
Email:  jdhaas@attorneysforconsumers.com

James L. Davidson (*admission pro hac vice*)
Greenwald Davidson, PLLC
5550 Glades Road, Suite 500
Boca Raton, FL  33431
Telephone:  561-826-5477
Email:  jdavidson@mgjdlaw.com

ATTORNEYS FOR PLAINTIFFS

> /s/ Benjamin P. Roach
> NYEMASTER GOODE, P.C.
> 700 Walnut Street, Suite 1600
> Des Moines, IA  50309
> Telephone: 515-283-3100
> Facsimile:  515-283-3108
> E-mail:  bproach@nyemaster.com