UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

---

DAVID MACK and ISRAEL GARCIA, On Behalf of Themselves and Others Similarly Situated,

    Plaintiffs,

vs.

THE CBE GROUP, INC., an Iowa Corporation,

    Defendant.

**Case No.: 6:14-cv-02048-LRR**

**Jury Trial Demanded**

**Class Action**

---

## AMENDED CLASS ACTION COMPLAINT

David Mack and Israel Garcia (collectively, "Plaintiffs"), by and through the undersigned counsel, on behalf of themselves and others similarly situated, sue The CBE Group, Inc., an Iowa Corporation ("Defendant"), and allege as follows:

## NATURE OF THE ACTION

1. This is a class action brought against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**
>
> **(A)    to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –**

\*\*\*\*\*

1

> **(iii)** **to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.**

3. Upon information and belief, Defendant routinely violates 47 U.S.C. § 227 (b)(1)(A)(iii) by placing non-emergency telephone calls to the cellular telephones of consumers using an automatic telephone dialing system, without the prior express consent of the consumers.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events giving rise to Plaintiffs' action originated in this State and this District, and where Defendant resides in this State and this District.

## PARTIES

6. David Mack ("Plaintiff Mack") is a natural person who at all relevant times resided in Collin County, Texas.

7. Israel Garcia ("Plaintiff Garcia") is a natural person who at all relevant times resided in Ellis County, Texas.

8. Defendant is an Iowa corporation with its principal place of business located at 1309 Technology Parkway, Cedar Falls, IA 50613.

## FACTUAL ALLEGATIONS

9. Starting in or around August 2013, and, upon information and belief, in an attempt to contact a third party, Defendant began placing telephone calls to Plaintiff Mack's cellular telephone number (682) 560-xxxx.

2

10. On numerous occasions, upon answering the phone, Plaintiff Mack directed Defendant to stop calling him, including on January 4, 2014, January 8, 2014, January 12, 2014, January 20, 2014, February 1, 2014 and February 13, 2014.

11. Between August 2013 and the filing of this Amended Complaint, Defendant called Plaintiff Mack's cellular telephone number starting with (682) at least 100 times.

12. Starting in or around November 2013, and, upon information and belief, in an attempt to contact a third party, Defendant began placing telephone calls to Plaintiff Mack's cellular telephone number (901) 605-xxxx.

13. On numerous occasions, upon answering the phone, Plaintiff Mack directed Defendant to stop calling him, including on August 11, 2014, August 13, 2014, August 18, 2014, August 22, 2014, August 25, 2014 and September 10, 2014.

14. Since November 2013, Defendant has called Plaintiff Mack's cellular telephone starting with (901) at least 41 times.

15. Starting in or around February 2012, and, upon information and belief, in an attempt to contact a third party, Defendant began placing telephone calls to Plaintiff Garcia's cellular telephone number (972) 816-xxxx.

16. Between February 2012 and the filing of this Amended Complaint, Defendant called Plaintiff Garcia's cellular telephone starting with (972) at least 35 times.

17. On numerous occasions, upon answering the phone, Plaintiff Garcia directed Defendant to stop calling him.

18. Starting in or around late 2014, and, upon information and belief, in an attempt to contact a third party, Defendant began placing telephone calls to Plaintiff Garcia's cellular telephone number (404) 539-xxxx

3

19. On numerous occasions, upon answering the phone, Plaintiff Garcia directed Defendant to stop calling him, including on January 20, 2015 and January 22, 2015.

20. Since late 2014, Defendant has called Plaintiff Garcia's cellular telephone starting with (404) at least 25 times.

21. Upon information and good faith belief, and in light of, among other things, the number of calls made, Defendant placed the above-referenced calls to Plaintiffs' cellular telephones using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

22. Upon information and belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial phone numbers without human intervention.

23. Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Plaintiffs' cellular telephones.

24. Upon information and good faith belief, Defendant placed, or caused to be placed, additional calls to Plaintiffs' cellular telephone numbers, which are not specifically outlined herein, but which will be reflected in the records of Defendant.

25. Defendant placed all of the above-referenced calls in an effort to contact a third party. Indeed, neither Plaintiff Mack nor Plaintiff Garcia had any prior relationship with Defendant.

26. Defendant placed the telephone calls set forth herein to telephone numbers assigned to a cellular telephone service.

27. Defendant did not have Plaintiff Mack's prior express consent to make any telephone calls to either of his cellular telephone numbers.

28. Defendant did not have Plaintiff Garcia's prior express consent to make any telephone calls to either of his cellular telephone numbers.

29. Neither Plaintiff Mack nor Plaintiff Garcia ever provided their cellular telephone numbers to Defendant.

30. Defendant did not place any telephone calls to either of the Plaintiffs for emergency purposes.

31. Upon information and good faith belief, Defendant placed the telephone calls to Plaintiffs identified above willfully and knowingly in that it consciously and deliberately made the calls referenced herein, and had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls identified above.

## CLASS ACTION ALLEGATIONS

32. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of themselves and a Class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom The CBE Group, Inc. placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (4) between July 31, 2010 and July 20, 2014.

Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

33. The proposed Class is so numerous that, upon information and belief, joinder of all members is impracticable. The exact number of members of the Class is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that, upon information and belief, the cellular telephone numbers of all members of the Class can be identified in business records maintained by Defendant.

5

34. Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs and all of the Class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiffs possess the same interests and have suffered the same injuries as each Class member. Like proposed members of the Class, Plaintiffs received telephone calls from Defendant using an automatic telephone dialing system, without their consent, in violation of 47 U.S.C. § 227.

35. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel experienced and competent in class action litigation. Plaintiffs have no interests that are contrary to or in conflict with the members of the Class that Plaintiffs seek to represent.

36. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

37. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

    a. Defendant's violations the TCPA as alleged herein;

    b. Defendant's use of an automatic telephone dialing system; and

    c. the availability of statutory damages.

38. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## COUNT I: VIOLATIONS OF 47 U.S.C. § 227(b)(1)(A)(iii)

39. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 – 38.

40. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place telephone calls to Plaintiff Mack's cellular telephone numbers, without his consent.

41. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place telephone calls to Plaintiff Garcia's cellular telephone numbers, without his consent.

42. Defendant knowingly or willingly violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing to place telephone calls to Plaintiff Mack's cellular telephone numbers.

43. Defendant knowingly or willingly violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place telephone calls to Plaintiff Garcia's cellular telephone numbers.

44. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiffs and the Class are entitled to damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiffs as class representatives of the Class under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and that Defendant did so knowingly and willingly, and enjoining Defendant from further violations of 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Plaintiffs and the other members of the Class;

(c) Awarding Plaintiffs and members of the Class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiffs and members of the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

DATED: June 19, 2015                     Respectfully submitted,

*/s/ James L. Davidson*

**JAMES L. DAVIDSON** (*pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
jdavidson@gdrlawfirm.com
Lead Counsel for Plaintiffs and
the proposed Class

**JD HAAS, AT0003014**
JD Haas and Associates, PLLC
10564 France Avenue South
Bloomington, MN 55431
Telephone: 952.345.1025
Facsimile: 952.854.1665
jdhaas@attorneysforconsumers.com
Co-Counsel for Plaintiffs and
the proposed Class